UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DESMOND LEUNG and WILTON JONES,

         Plaintiffs,

    -against-                                08 CV 5150 (GBD)

NEW YORK UNIVERSITY, NEW YORK UNIVERSITY
MEDICAL CENTER, RICHARD COHEN, DANIEL
BENSIMON, JESSICA GARCIA, CAROL STRAPKAY,
GINELLE ANDREWS, SABRINA STINES, and JEAN
GOLDBERG,

         Defendants.
_____


## MEMORANDUM IN SUPPORT OF DEFENDANT NEW YORK UNIVERSITY'S AND NEW YORK UNIVERSITY MEDICAL CENTER'S MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT

EDWARDS ANGELL PALMER & DODGE LLP
David R. Marshall
Robert J. Brener
Attorneys for Defendants New York University and
New York University Medical Center
750 Lexington Ave.
New York, N.Y. 10022
(212) 308-4411

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .......................................................................................... iii

PRELIMINARY STATEMENT ......................................................................................1

ARGUMENT....................................................................................................................3

    POINT I  PLAINTIFFS' CLAIMS AGAINST NYU MUST BE DISMISSED........................3

    POINT II  JONES' ALLEGATION THAT NYUHC DISCRIMINATED AGAINST HIM BY
        FAILING TO PROMOTE HIM IN 2004 SHOULD BE DISMISSED BECAUSE IT IS
        TIME-BARRED ...................................................................................................4

    POINT III  PLAINTIFFS CANNOT MAINTAIN A DISCRIMINATION OR
        RETALIATION CLAIM BASED ON EXCESSIVE SCRUTINY OR SURVEILLANCE,
        A WARNING NOTICE, OR A SINGLE, DIFFICULT WORK ASSIGNMENT
        BECAUSE THEY ARE NOT ADVERSE EMPLOYMENT ACTIONS...........................5

        A.     These Allegations Do Not Satisfy The "Adverse  Employment Action" Element
              Of A Discrimination Claim ...................................................................................5

        B.     The Allegations Do Not Satisfy The "Materially  Adverse" Action Element Of A
              Retaliation Claim...................................................................................................7

    POINT V  PLAINTIFFS' RETALIATION CAUSES OF ACTION TO THE EXTENT THEY
        ARE BASED ON THEIR DISCHARGES SHOULD BE DISMISSED BECAUSE
        THEY OCCURRED TOO LATE TO BE CONNECTED TO ANY PROTECTED
        ACTIVITY ...........................................................................................................9

    POINT VI  PLAINTIFFS FAIL TO STATE A HOSTILE WORK ENVIRONMENT CLAIM
        ...........................................................................................................................11

    POINT VII  PLAINTIFFS' 42 U.S.C. § 1985(3) CAUSE OF ACTION SHOULD BE
        DISMISSED FOR FAILURE TO STATE A CLAIM.......................................................12

    POINT VIII  JONES FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES WITH
        REGARD TO CERTAIN OF HIS TITLE VII CLAIMS...................................................13

    POINT IX  PLAINTIFFS' DEFAMATION CLAIMS SHOULD BE DISMISSED................14

    POINT X  PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR INTENTIONAL
        INFLICTION OF EMOTIONAL DISTRESS ..................................................................18

    POINT XI  JONES' CLAIM FOR CONSTRUCTIVE DISCHARGE SHOULD BE
        DISMISSED BECAUSE HE VOLUNTARILY RESIGNED HIS EMPLOYMENT AND

i

DOES NOT ALLEGE ANY FACTS SHOWING THAT A REASONABLE PERSON IN HIS POSITION WOULD HAVE FELT COMPELLED TO RESIGN ............................21

    A.    Applicable Legal Standards For A Constructive Discharge Claim.......................21

    B.    Jones Cannot Establish That He Was Constructively Discharged .......................22

CONCLUSION ...........................................................................................................................23

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Arsenault v. Forquer, 197 A.D.2d 554, 602 N.Y.S.2d 653 (2d Dep't 1993) ................................15

Bennett v. N.Y. Dep't of Corr., 705 F. Supp. 979 (S.D.N.Y. 1989) .............................................14

Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) ..........................................16

Boyle v. Stiefel Labs., Inc., 204 A.D.2d 872, 612 N.Y.S.2d 469 (3d Dep't 1994)......................17

Bradley v. Consol. Edison Co., 657 F. Supp. 197 (S.D.N.Y. 1987) .............................................14

Burlington Northern & Sante Fe Ry. Co. v White, 548 U.S. 53 (2006)..................................7, 8, 9

Chang v. Safe Horizons, No. 05-6760-CV, 2007 WL 3254414 (2d Cir. Nov. 5, 2007)................8

Chertkova v. Conn. Gen. Life Ins. Co., 92 F.3d 81 (2d Cir. 1996)........................................21, 22

Collins v. N.Y. City Transit Auth., 305 F.3d 113 (2d Cir. 2002)..................................................18

Davis v. City Univ. of N.Y., No. 94 Civ. 7277, 1996 WL 243256 (S.D.N.Y. May 9, 1996) ........6

Dillon v. City of N.Y., 261 A.D.2d 34, 704 N.Y.S.2d 1 (1st Dep't 1999).............................15, 19

Dombrowski v. Dowling, 459 F.2d 190 (7th Cir. 1972) ...............................................................13

Domino's Pizza, Inc. v. McDonald, 546 U.S. 470 (2006)..............................................................4

Drug Research Corp. v. Curtis Publ'g Co., 7 N.Y.2d 435, 199 N.Y.S.2d 33 (1960)...................17

El Meson Espanol v. NYM Corp., 521 F.2d 737 (2d Cir. 1975)...................................................16

Evans-Gadsden v. Bernstein, Litowitz, Berger & Grossman, LLP, 491 F. Supp. 2d 386 (S.D.N.Y.
    2007).....................................................................................................................................11

Faragher v. City of Boca Raton, 524 U.S. 775 (1998) ................................................................11

Fischer v. Maloney, 43 N.Y.2d 553, 402 N.Y.S.2d 991 (1978)....................................................19

Foley v. Mobil Chem. Co., 214 A.D.2d 1003, 1004, 626 N.Y.S.2d 906 (2d Dep't 1995)............20

Forrest v. Jewish Guild for the Blind, 309 A.D.2d 546, 765 N.Y.S.2d 326 (1st Dep't 2003) ........6

Fridia v. Henderson, No. 99 Civ. 10749, 2000 WL 1772779 (S.D.N.Y. Nov. 30, 2000)...........6, 7

iii

Garrett v. Garden City Hotel, No. 05 Civ. 0962, 2007 WL 1174891 (E.D.N.Y. Apr. 19, 2007) .10

Gentile v. Potter, 509 F. Supp.2d 221 (E.D.N.Y. 2007)...................................................................7

Gilliard v. N.Y. Pub. Library Sys., 597 F. Supp. 1069 (S.D.N.Y. 1984)......................................13

Grant v. Morgan Guaranty Trust Co. of N.Y., 548 F. Supp. 1189 (S.D.N.Y. 1982) ....................14

Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366 (1979)..........................................12

Hawkins v. 1115 Legal Service Care, 163 F.3d 684 (2d Cir. 1998) ...............................................8

Heba v. N.Y. State Div. of Parole, 537 F. Supp. 2d 457 (E.D.N.Y. 2007) ...................................11

Herman v. Blockbuster Entertainment Group, 18 F. Supp. 2d 304 (S.D.N.Y. 1998) .....................3

Hernandez v. Research Found. of the City Univ. of N.Y., No. 0117013/2005, 2007 WL 4562618
  (N.Y. Sup., N.Y. Co, Dec. 13, 2007)...........................................................................................8

Hodge v. Columbia Univ., No. 05 Civ. 7622, 2008 WL 2686684 (S.D.N.Y. July 2, 2008).........18

Howell v. N.Y. Post Co., 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993)..............................................19

Hunter v. Citibank, 862 F. Supp. 902 (E.D.N.Y. 1994), aff'd 60 F.3d 810 (2d Cir. 1995) ...........6

Ives v. Guilford Mills, Inc, 3 F.Supp.2d 191 (N.D.N.Y. 1998).............................................15, 16

Jaffe v. Nat'l League for Nursing, 222 A.D.2d 233, 635 N.Y.S.2d 9 (1st Dep't 1995)................20

Johnson v. Frank, 828 F. Supp. 1143 (S.D.N.Y. 1993)...................................................................8

Katz v. Beth Israel Med. Ctr., No. 95 Civ. 7183, 2001 WL 11064 (S.D.N.Y. Jan. 4, 2001)...7, 21,
  23

Lee v. N.Y. State Dep't of Health, 98 Civ. 5712, 2001 WL 34031217 (S.D.N.Y. Apr. 23, 2001).6

Lightfoot v. Union Carbide Corp., 110 F.3d 898 (2d Cir. 1997) .....................................................5

Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20 (2d Cir. 1985)........................................................13

Monica v. N.Y. City Off-Track Betting Corp., No. 93 Civ. 6371, 1995 WL 117879 (S.D.N.Y.
  Mar. 20, 1995) ..............................................................................................................................6

Murphy v. Am. Home Prods. Corp., 58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983)....................19, 20

Murray v. Visiting Nurse Svcs. of New York, 528 F. Supp.2d 257 (S.D.N.Y. 2007)....................9

National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002).....................................................4

iv

Nunez v. A-T Fin. Info., Inc., 957 F.Supp. 438 (S.D.N.Y. 1997) ................................................. 16

Oparaji v. N.Y. City Dept. of Educ., No. 03 CV 4105NGVVP, 2005 WL 1398072 (E.D.N.Y. June 14, 2005) ............................................................................................................................. 5

Pena v. Brattleboro Retreat, 702 F.2d 322 (2d Cir. 1983) ........................................................ 21

Rausman v. Baugh, 248 A.D.2d 8, 682 N.Y.S.2d 42 (2d Dep't 1988) ....................................... 17

Regal v. Custom Clothiers, Ltd. v. Mohan's Custom Tailors, No. 96 Civ. 6320, 1997 U.S. Dist. LEXIS 9288 (S.D.N.Y. June 26, 1997) ..................................................................................... 15

Reilly v. NatWest Mkts. Group Inc., 181 F.3d 253 (2d Cir. 1999) ............................................ 15

Richards v. N.Y. Dep't of Corr. Servs., 572 F. Supp. 1168 (S.D.N.Y. 1983) ............................ 13

Richardson v. N.Y. State Dep't of Corr. Serv., 180 F.3d 426 (2d Cir. 1999) .............................. 6

Ritzie v. City Univ. of N.Y., 703 F. Supp. 271 (S.D.N.Y. 1989) ............................................... 13

Rumula v. N.Y. City Transit Auth., No. 02CV3828SLTKAM, 2005 WL 2076596 (E.D.N.Y. Aug. 26, 2005) ......................................................................................................................... 8

Scott v. Cellco P'ship, No. Civ. 7245, 2007 WL 1051687 (S.D.N.Y. Apr. 3, 2007) ..................... 8

Shapiro v. Health Ins. Plan of Greater N.Y., 7 N.Y.2d 56, 194 N.Y.S.2d 509 (1959) ................. 18

Sherlock v. Montefiore Med. Ctr., 84 F.3d 522 (2d Cir. 1996) .................................................. 12

Spence v. Md. Cas. Co., 995 F.2d 1147 (2d Cir. 1993) ................................................... 19, 21, 22

Stockley v. AT&T Info. Sys., Inc., 687 F. Supp. 764 (E.D.N.Y. 1988) ........................................ 18

Storr v. Anderson School, 919 F. Supp. 144 (S.D.N.Y. 1996) ..................................................... 4

Torriero v. Olin Corp., 684 F. Supp. 1165 (S.D.N.Y. 1988) ..................................................... 14

Trachtman v. Empire Blue Cross and Blue Shield, 251 A.D.2d 322, 673 N.Y.S. 2d 726 (2d Dep't 1998) ........................................................................................................................................ 18

Vital v. Interfaith Medical Center, 168 F.3d 615 (2d Cir. 1999) ................................................. 4

Weeks v. N.Y. State Div. of Parole, 273 F.3d 76 (2d Cir. 2001) ................................................. 7

Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224 (2d Cir. 2000) .......................................... 8

Weitz v. Wagner, No. CV-07-1106, 2008 WL 3835618 (E.D.N.Y. Aug. 8, 2008) ..................... 15

Weixel v. N.Y. City Bd. Of Educ., 287 F.3d 138 (2d Cir. 2002) ................................................. 7

White v. U.S. Postal Serv., No. 01 Civ. 499, 2003 U.S. Dist.Lexis 17452 (SDNY September 29, 2003)................................................................................................................................9

Wilson v. Consol. Edison of N.Y., Inc., No. 96 Civ. 7546, 2000 U.S. Dist. LEXIS 3895 (S.D.N.Y. Mar. 28, 2000)....................................................................................................21

## Statutes

42 U.S.C § 1981 ................................................................................................................1, 4, 5

42 U.S.C. § 1985 ...........................................................................................................1, 12, 13

42 U.S.C.A. § 2000e-5(f)(1)(West 2008).................................................................................4

N.Y.C.P.L.R. § 215(3) (McKinney 2002)..............................................................................17

Restatement (Second) of Torts, § 46 cmt. d (1965).................................................................19

Title VII of the Civil Rights Act of 1964 ................................................................................1

## PRELIMINARY STATEMENT

Plaintiff Wilton Jones was discharged in March 2007 after an investigation by Defendant NYU Hospitals Center[1] ("NYUHC") credited a complaint by a female co-worker that Jones had made sexually harassing comments to her in the presence of a witness who corroborated her account. Plaintiff Desmond Leung was discharged in July 2007 after a different female employee at NYUHC complained that, in a separate incident several months after Jones' discharge, Leung made sexually harassing comments to her and her account was corroborated by an eyewitness.

Jones and Leung bring this action claiming, among other things, that they were discharged because of they are Black and because they had previously complained about racial discrimination. In a complaint asserting Thirteen Causes of Action ("Complaint")[2], Plaintiffs predicate their claims of discrimination, retaliation, and common law tort on the following allegations of purported wrongdoing:

1.    NYUHC failed to promote Jones to a painter position in 2004 (see Complaint at ¶ 21);

2.    NYUHC subjected Jones and Leung to intense scrutiny, "increased surveillance," and documentation of "every minor or trivial issue" (Complaint, ¶ 23);

3.    NYUHC once assigned Leung to work in the Mechanical Room "all by himself" contrary to "normal practice" (Complaint, ¶ 24);

---

[1] Plaintiffs' employer, NYU Hospitals Center, is incorrectly named in the caption as New York University Medical Center and will be referred to hereafter by its correct legal name.

[2] Plaintiffs assert causes of action under 42 U.S.C § 1981 (First Cause of Action), Title VII of the Civil Rights Act of 1964 ("Title VII")(Second and Third Causes of Action), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") (Fourth through Ninth Causes of Action), 42 U.S.C. § 1985 (Eleventh Cause of Action), and New York common law prohibiting tortious interference with contract (alleged solely against defendant Richard Cohen) (Tenth Cause of Action), defamation (Twelfth Cause of Action), and intentional infliction of emotional distress (Thirteenth Cause of Action).

4.   NYUHC failed to promote Jones to a painter position in 2006 (Complaint, ¶ 25);

5.   NYUHC discharged Jones in March 2007 for sexual harassment in retaliation for filing a discrimination charge in September 2006 after he was denied the painter's position (Complaint, ¶¶ 27, 58);

6.   NYUHC discharged Leung in July 2007 for sexual harassment (Complaint, ¶ 33);

7.   NYUHC defamed Jones by publishing knowingly false statements written in March 2007 by co-workers accusing him of sexual harassment (Complaint, ¶¶ 28-31);

8.   NYUHC defamed Leung by publishing knowingly false statements written by co-workers in May 2007 describing Leung's inappropriate sexual comments (Complaint, ¶¶ 33-38);

9.   NYUHC created an alleged hostile work environment (Complaint, ¶ 40); and

10.  NYUHC constructively discharged Jones by forcing him to resign in May 2008 after Jones was reinstated to his mechanic's position in November 2007 pursuant to an arbitrator's ruling that Jones had engaged in inappropriate conduct but that an eight-month suspension without pay, rather than discharge, was the appropriate penalty for Jones' misconduct (Complaint, ¶¶ 29, 40-41).

NYUHC and defendant New York University ("NYU")[3] deny that any of the above alleged acts was wrongful or discriminatory in any manner, and they move to dismiss each and every cause of action that is based on these allegations – either because they are time-barred or because they fail to state a cognizable claim – except that NYUHC and NYU do not make this motion against claims based on (i) the allegation that Jones was denied a promotion in 2006, and

---

[3] The individuals named in the Complaint's caption as co-defendants have not, to the best of NYUHC's knowledge, been served with the Complaint by Plaintiffs and are thus not subject to this Court's jurisdiction. Counsel for NYUHC and NYU is not authorized to make this motion on behalf of any individual defendant.

2

(ii) the allegation that Leung was discharged in July 2007. Although a dispositive motion under Fed. R. Civ. P. 12(b)(6) will not lie against those two categories of claims due to the manner in which they have been pled, they may be subject to dismissal under Fed. R. Civ. P. 56 upon completion of discovery conducted after this motion is decided and the scope of the Complaint and relevant discovery is narrowed to those claims which are timely and cognizable under applicable law.

### ARGUMENT

### POINT I

### PLAINTIFFS' CLAIMS AGAINST
### NYU MUST BE DISMISSED

As a preliminary matter, NYU should be dismissed as a defendant in this matter. First, all of the actors involved in this dispute, including Plaintiffs, are alleged to be NYUHC employees, not employees of NYU. See Complaint at ¶¶6-7, 9-15. Second, there is no allegation that NYU took any of the actions complained of or aided and abetted any defendant in those actions. The only connection that NYU is alleged to have to this case is set forth in paragraph 8 of the Complaint which states that NYUHC is a division of NYU, an allegation that is irrelevant to NYU's liability (and also false inasmuch as NYUHC is a separately incorporated not-for-profit corporation). It is well-settled that a corporation cannot be held liable for the conduct of its corporate parent or family member simply because of their corporate affiliation. Herman v. Blockbuster Entertainment Group, 18 F. Supp. 2d 304, 308, 313 (S.D.N.Y. 1998) (discrimination claims of Discovery Zone employees against Blockbuster under Title VII and NYSHRL dismissed because "in the absence of any participation by Blockbuster in Discovery Zone's employment and labor decisions, its status as a major shareholder in Discovery Zone is insufficient to consider the two entities an integrated enterprise"). Moreover, the discrimination

statutes upon which Plaintiffs rely (Title VII, NYSHRL and NYCHRL) apply to employers and their agents, or to those who affirmatively aid or abet the employer's unlawful conduct, not to all companies, citizens, and entities generally. Storr v. Anderson School, 919 F. Supp. 144, 146, 148 (S.D.N.Y. 1996). NYU is not alleged to be, nor was it, the employer of Plaintiffs, the agent of NYUHC in relation to Plaintiffs' employment, or an aider and abettor of the purported wrongdoing against Plaintiffs. Likewise, 42 U.S.C. § 1981 applies only to contracting parties and NYU is not alleged to be, nor was it, a contracting party with Plaintiffs. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006).[4] Consequently, NYU should be dismissed as a defendant in this action on this ground alone.

### POINT II

### JONES' ALLEGATION THAT NYUHC DISCRIMINATED AGAINST HIM BY FAILING TO PROMOTE HIM IN 2004 SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED

Jones asserts that Defendants discriminated against him on the basis of his race when he did not win promotion to a position as a painter for NYUHC in or about May 12, 2004. See Complaint at ¶ 21. This allegation is time-barred by the applicable statutes of limitations governing the discrimination statutes cited by Plaintiffs in the Complaint.

The statute of limitations for filing an agency charge under Title VII, which is a necessary prerequisite to filing a court complaint, is 300 days. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) (A party "must file a charge within the […] 300-day time period after the […] discriminatory act occurred."). Jones filed his discrimination charge with the New York State Division of Human Rights on September 6, 2006, more than 300 days after

---

[4] Additionally, the Title VII claims against NYU (and the other individual defendants) must be dismissed because Plaintiffs only named NYUHC in their administrative charges and never received a right to sue letter permitting them to sue NYU and the other individual defendants. See 42 U.S.C.A. § 2000e-5(f)(1)(West 2008) (limiting aggrieved party's right to sue to "the respondent named in the charge"). Vital v. Interfaith Medical Center, 168 F.3d 615, 619 (2d Cir. 1999).

the alleged failure to promote him in 2004. <u>See</u> Complaint at ¶25. Thus, this allegation, to the

extent it forms the basis of his Title VII causes of action (Second and Third Causes of Action), is

time-barred. Likewise, Jones filed the instant Complaint with this Court on June 4, 2008, more

than three years after the alleged failure to promote in 2004. Thus, the allegation that Jones was

discriminatorily denied a promotion in 2004, to the extent that it forms the basis for his

NYSHRL and NYCHRL claims (Fourth through Ninth Causes of Action) and his 42 U.S.C. §

1981 cause of action (First Cause of Action), is also time-barred. <u>Lightfoot v. Union Carbide</u>

<u>Corp.</u>, 110 F.3d 898, 907 (2d Cir. 1997) (statute of limitations for NYSHRL and NYCHRL

claims is three years); <u>Oparaji v. N.Y. City Dept. of Educ.</u>, No. 03 CV 4105NGVVP, 2005 WL

1398072, at *9 (E.D.N.Y. June 14, 2005)(statute of limitations for 42 U.S.C. § 1981 claim is

three years).

## **POINT III**

### **PLAINTIFFS CANNOT MAINTAIN A DISCRIMINATION OR RETALIATION CLAIM BASED ON EXCESSIVE SCRUTINY OR SURVEILLANCE, A WARNING NOTICE, OR A SINGLE, DIFFICULT WORK ASSIGNMENT BECAUSE THEY ARE NOT ADVERSE EMPLOYMENT ACTIONS**

Plaintiffs contend that they suffered racial discrimination and retaliation when NYUHC

placed them under "heightened scrutiny and increased surveillance," "documented, monitored

and pursued every minor and trivial issue," such as sleeping on the job, and required Leung to

perform a task alone that was usually performed by multiple employees. <u>See</u> Complaint at ¶¶22-

25, 52, 58. These alleged acts cannot form the basis of a discrimination or retaliation claim

because they do not constitute adverse employment actions.

A.    **These Allegations Do Not Satisfy The "Adverse**
      **Employment Action" Element Of A Discrimination Claim**

In order to establish a *prima facie* case of discrimination under any of the several statutes

upon which Plaintiffs rely, they must show that: (1) they are members of a protected class; (2)

they are qualified to hold their positions; (3) they were terminated from employment or suffered some other adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination." Forrest v. Jewish Guild for the Blind, 309 A.D.2d 546, 552-53, 765 N.Y.S.2d 326, 333 (1st Dep't 2003).[5]

To satisfy the third element of a *prima facie* case -- an "adverse employment action" -- Plaintiffs must establish a "materially adverse change in the terms and conditions of employment." Richardson v. N.Y. State Dep't of Corr. Serv., 180 F.3d 426, 446 (2d Cir. 1999). "[N]ot every unpleasant matter creates a cause of action, including insubstantial changes in an employee's work conditions." Fridia v. Henderson, No. 99 Civ. 10749, 2000 WL 1772779, at *6 (S.D.N.Y. Nov. 30, 2000). The change "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Davis v. City Univ. of N.Y., No. 94 Civ. 7277, 1996 WL 243256, at *8 (S.D.N.Y. May 9, 1996) quoting Monica v. N.Y. City Off-Track Betting Corp., No. 93 Civ. 6371, 1995 WL 117879, at *4 (S.D.N.Y. Mar. 20, 1995); See also Fridia, 2000 WL 1772779, at *7 (no adverse employment action where plaintiff complained of excessive workload and of denied requests for paid leave); Lee v. N.Y. State Dep't of Health, 98 Civ. 5712, 2001 WL 34031217, at *15-18 (S.D.N.Y. Apr. 23, 2001) (less preferential assignments, counseling sessions and memoranda, denied scheduling requests, delayed overtime payment, denied opportunity to continue serving on particular committee, close monitoring of time sheets and travel vouchers, and denied transfer each did not constitute an adverse employment action).

Courts have set forth the following list of factors to evaluate in determining whether an employment action is materially adverse: a termination of employment, a demotion evidenced by

---

[5] The elements and proof required to establish discrimination and retaliation are, for all relevent purposes here, the same under Title VII, the NYSHRL, the NYCHRL, and Section 1981. Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 305, 786 N.Y.S.2d 382, 391, n. 3 (2004); Hunter v. Citibank, 862 F. Supp. 902, 908 (E.D.N.Y. 1994), aff'd 60 F.3d 810 (2d Cir. 1995).

a decrease in wage or salary, a less distinguished title, a material loss of benefits, or significantly diminished material responsibilities. Fridia, 2000 WL 1772779, at *6.

Thus, it is well-settled that allegations of the kind brought in this action – excessive scrutiny of Plaintiffs, a warning about sleeping on the job, and one difficult work assignment -- do not constitute adverse employment actions sufficient to plead a *prima facie* case of employment discrimination. Weeks v. N.Y. State Div. of Parole, 273 F.3d 76, 86 (2d Cir. 2001) (affirming dismissal of plaintiff's race and sex discrimination claims because she could not establish that the warning she received had seriously affected her working conditions); Katz v. Beth Israel Med. Ctr., No. 95 Civ. 7183, 2001 WL 11064, at *14 (S.D.N.Y. Jan. 4, 2001) (counseling and negative performance evaluations are not adverse employment actions because "[d]isciplinary measures do not constitute adverse employment actions unless they affect ultimate employment decisions such as promotion, wages, or termination") (internal quotations and citations omitted).  As a result, the race discrimination claims asserted by Plaintiffs based on these allegations should be dismissed.

**B.    The Allegations Do Not Satisfy The "Materially Adverse" Action Element Of A Retaliation Claim**

To establish a *prima facie* case of retaliation under Title VII, Plaintiffs must prove that: (1) they engaged in protected activity; (2) NYUHC was aware of the protected activity; (3) they suffered an action that a reasonable employee would consider materially adverse; and (4) there was a causal connection between their alleged protected activity and the adverse employment action.  See Gentile v. Potter, 509 F. Supp.2d 221, 238-39 (E.D.N.Y. 2007), *quoting* Weixel v. N.Y. City Bd. Of Educ., 287 F.3d 138, 148 (2d Cir. 2002); Burlington Northern & Sante Fe Ry. Co. v White, 548 U.S. 53 (2006).  These same standards apply to retaliation claims under Section 1981 and the NYSHRL and NYCHRL.   See Rumula v. N.Y. City Transit Auth., No.

02CV3828SLTKAM, 2005 WL 2076596, at *16 (E.D.N.Y. Aug. 26, 2005) (retaliation claim under Section 1981), *citing* Hawkins v. 1115 Legal Service Care, 163 F.3d 684, 693 (2d Cir. 1998); Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224, 234 (2d Cir. 2000) (retaliation claim under NYSHRL and NYCHRL).

The United States Supreme Court in Burlington explained that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington, 548 U.S. at 68 (internal quotations and citations omitted). New York State courts have recognized that the standard articulated in Burlington applies to retaliation claims under state law. See Hernandez v. Research Found. of the City Univ. of N.Y., No. 0117013/2005, 2007 WL 4562618, at *3 (N.Y. Sup., N.Y. Co, Dec. 13, 2007) (*citing* Burlington).

Plaintiffs' allegations of excessive scrutiny of their work, a warning about sleeping on the job, and a single difficult work assignment cannot constitute materially adverse employment actions. See Chang v. Safe Horizons, No. 05-6760-CV, 2007 WL 3254414, at *1 (2d Cir. Nov. 5, 2007) (summary order) (disciplinary warnings, questioning of employee and attempt to access employee's computer would not "have dissuaded a reasonable worker from bringing a discrimination charge" where warnings were consistent with progressive discipline policy); Scott v. Cellco P'ship, No. Civ. 7245, 2007 WL 1051687, at *2 (S.D.N.Y. Apr. 3, 2007) ("As to plaintiff's assertions of 'defendant's general reprimands about plaintiff's lateness and other accusations, alleged excessive scrutiny of plaintiff' ... the Court concludes that those allegations, if true, do not constitute adverse employment actions as now defined in Burlington."). Johnson v. Frank, 828 F. Supp. 1143, 1153 (S.D.N.Y. 1993) (defendant entitled to summary judgment on

8

retaliation claim because "unacceptable" mid-year evaluation that did not affect terms, privileges duration or condition of plaintiff's employment). As a result, Plaintiffs' retaliation claims should be dismissed to the extent that they are based on allegations of excessive scrutiny, warnings, and a single difficult work assignment.[6]

### POINT V

### PLAINTIFFS' RETALIATION CAUSES OF ACTION TO THE EXTENT THEY ARE BASED ON THEIR DISCHARGES SHOULD BE DISMISSED BECAUSE THEY OCCURRED TOO LATE TO BE CONNECTED TO ANY PROTECTED ACTIVITY

Plaintiffs also allege that they were discharged from NYUHC in retaliation for complaining to their union about discrimination and filing discrimination charges with administrative agencies. Complaint, ¶¶58, 64, 70. However, Plaintiffs cannot maintain a retaliation claim based on their discharges because their discharges occurred too long after they made their complaints to satisfy the third prong a *prima facia* case, namely, a causal connection between the protected activity and the alleged retaliatory acts. Burlington Northern & Sante Fe Ry. Co. v White, 548 U.S. 53 (2006). Courts routinely dismiss retaliation claims when, as here, a plaintiff relies on timing to allege a causal connection between the discrimination complaint and the adverse employment action and too much time has elapsed between the two events. See, e.g., Murray v. Visiting Nurse Svcs. of New York, 528 F. Supp.2d 257, 275 (S.D.N.Y. 2007) ("district courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation"); Garrett v. Garden City Hotel, No. 05 Civ. 0962, 2007 WL 1174891, at

---

[6]Although discharge is commonly regarded as an adverse employment action, Jones' termination for sexual harassment in March 2007 (see Complaint at ¶ 27) is not a "materially adverse" employment action because an arbitrator, who heard Jones' grievance regarding his 2007 termination, ordered him reinstated to his position at NYUHC on the ground that Jones acted inappropriately and but deserved a less severe punishment. Complaint. ¶ 29; Declaration of David R. Marshall, Ex. C. NYUHC's compliance with the reinstatement order bars Jones' reliance on his 2007 discharge as an adverse employment action. White v. U.S. Postal Serv., No. 01 Civ. 499, 2003 U.S. Dist.Lexis 17452, at *20-21, 24-25 (SDNY Sept. 29, 2003).

*21 (E.D.N.Y. Apr. 19, 2007) (same) (collecting cases); <u>Ponticelli</u>, 16 F. Supp. 2d 414, 436 (S.D.N.Y. 1998) (finding that two and a half month gap between the alleged action and protected activity was "hardly" the close proximity of time required).

Jones was terminated in March 2007, almost *three years* after he first complained to his union and *six months* after he filed his September 2006 charge with the NYS Division of Human Rights ("SDHR"). <u>See</u> Complaint at ¶¶ 21, 25. To the extent Jones claims that his resignation in May 2008 was a constructive discharge and was retaliatory in nature (<u>Id</u>. at ¶¶ 41, 60, 64, 66), his resignation is even further removed in time from his September 2006 SDHR charge, and more than *one year* after he filed his second SDHR charge in April 2007. <u>Id</u>. at ¶ 27. The gap between Leung's alleged protected activity and his July 2007 discharge is similarly too long to maintain a retaliation claim. Leung claims that his association with Jones triggered the retaliation against him due to Jones' complaints of discrimination (<u>Id</u>. at ¶¶ 22, 25-26) and Leung's own alleged complaint of race discrimination in 2006 regarding his work assignment (Complaint, ¶¶ 24, 60). Leung was terminated in July 2007, *three years* Jones first complained to the union, *ten months* after Jones filed his September 2006 SDHR charge, and *seven months or more* after Leung complained about his 2006 work assignment. Even the shortest of these intervals is too long to infer a causal connection between Leung's discharge and the prior complaints of discrimination and the Complaint makes no other allegation to support a causal nexus.

Because no allegation in the Complaint satisfies Plaintiffs' burden of pleading a causal connection between their protected activity and their discharges, the allegation that their discharges were retaliatory must be dismissed.

## POINT VI

## PLAINTIFFS FAIL TO STATE A HOSTILE WORK ENVIRONMENT CLAIM

Plaintiffs allege that Defendants' heightened scrutiny of their work, documentation of minor events, including Plaintiffs' sleeping on the job, assignment of a difficult job, and alleged publication of co-workers' detailed description of Plaintiffs' sexual misconduct constituted a hostile work environment. (Complaint, ¶¶ 22-24, 31, 38, 40). This claim must be dismissed because Plaintiffs' allegations fail to meet the requirements for pleading hostile work environment claim.

To establish a cause of action for hostile work environment, a plaintiff must show that "the workplace was so severely permeated with discriminatory intimidation, ridicule and insult that the terms and conditions of…employment were thereby altered." Evans-Gadsden v. Bernstein, Litowitz, Berger & Grossman, LLP, 491 F. Supp. 2d 386, 401 (S.D.N.Y. 2007); Heba v. N.Y. State Div. of Parole, 537 F. Supp. 2d 457, 467 (E.D.N.Y. 2007). To fall into this category, the incidents alleged must be more than "episodic;" they must be "sufficiently continuous and concerted in order to be deemed pervasive. Evans-Gadsden, 491 F. Supp. 2d at 401 (single racially-motivated remark does not create hostile work environment). Furthermore, anti-discrimination statutes are not designed to be a "general civility code," or to prohibit "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes and occasional teasing." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (internal quotations omitted). Finally, and most importantly, the hostility must arise from the plaintiff's membership in a protected class. Heba, 37 F. Supp. 2d at 467.

Plaintiffs' Complaint is utterly devoid of allegations that their workplace was "severely permeated with discriminatory intimidation" or that they endured "pervasive" racial incidents. In fact, Plaintiffs contend only that they "suffered" from heightened scrutiny of their work which

11

resulted in a single warning about misconduct, and a single difficult job assignment, along with an investigation of sexual harassment (which was triggered by written detailed complaints of their co-workers) during a several year period. These allegations, even if true, hardly constitute allegations of a workplace permeated with racial hostility. Rather, Plaintiffs have described the routine, everyday trials and tribulations of the workplace. As a result, Plaintiffs' hostile work environment claim should be dismissed.

## POINT VII

### PLAINTIFFS' 42 U.S.C. § 1985(3) CAUSE OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiffs' 42 U.S.C. § 1985(3) cause of action should be dismissed because that statute is not a separate, substantive source of rights and will not support a cause of action where, as here, the discriminatory treatment for which a plaintiff seeks recovery is remediable under Title VII. In addition, Plaintiffs have not satisfied, and cannot satisfy, their burden of pleading the essential elements of a conspiracy under § 1985(3) because the alleged acts of discrimination and retaliation were done by NYUHC employees, not by third parties acting in consort with NYUHC.

It is well-settled that 42 U.S.C § 1985(3) does not create any substantive rights, but provides a civil claim when some otherwise defined federal right is breached by conspiracy. In particular, § 1985(3) cannot be used as a remedy for conduct that violates Title VII. In light of the fact that Plaintiffs' have asserted race discrimination and retaliation claims that are remediable through Title VII, their § 1985(3) cause of action (Eleventh Cause of Action) must be dismissed. See Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 378 (1979) (the "deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)"); Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 527 (2d Cir. 1996) (granting 12(b)(6)

motion to dismiss § 1985(3) claim that was based on same conduct that was alleged in support of plaintiff's ADEA claim); <u>Richards v. N.Y. Dep't of Corr. Servs.</u>, 572 F. Supp. 1168, 1175 (S.D.N.Y. 1983) (the claim by an African-American corrections officer that the employer acted in concert and wrongfully deprived him of the privileges and immunities of public employment on the basis of race could have been raised under Title VII and thus may not be brought under § 1985(3)).

The 42 U.S.C. § 1985(3) claim should also be dismissed for the separate and independent reason that Plaintiffs will not be able to satisfy the conspiracy element of § 1985(3) because they have alleged that the employees of NYUHC have conspired among themselves against Plaintiffs. It is well-settled that a corporation cannot conspire with itself and cannot therefore be liable for conspiracy under § 1985(3). <u>Dombrowski v. Dowling</u>, 459 F.2d 190, 196 (7th Cir. 1972) ("[I]f the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision and the act itself will normally not constitute the conspiracy contemplated by the statute"). <u>See also</u> <u>Ritzie v. City Univ. of N.Y.</u>, 703 F. Supp. 271, 277-278 (S.D.N.Y. 1989); <u>Gilliard v. N.Y. Pub. Library Sys.</u>, 597 F. Supp. 1069, 1075 (S.D.N.Y. 1984) (dismissing § 1985(3) claim based on alleged conspiratorial conduct of employer with its employees).

**POINT VIII**

**JONES FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES
WITH REGARD TO CERTAIN OF HIS TITLE VII CLAIMS**

As a pre-requisite to filing a civil action, Title VII requires an individual seeking relief for employment discrimination to file a charge with the EEOC. 42 U.S.C.A. § 2000e-5(f)(1) (West 2008). There must be a substantial factual similarity between the agency charge and the proposed cause of action. <u>Miller v. Int'l Tel. & Tel. Corp.</u>, 755 F.2d 20, 23-24 (2d Cir. 1985). A

13

court lacks subject matter jurisdiction over discrimination claims neither asserted before the agency nor reasonably related to the claims alleged in the charge. Torriero v. Olin Corp., 684 F. Supp. 1165, 1170 (S.D.N.Y. 1988); Bradley v. Consol. Edison Co., 657 F. Supp. 197, 202 (S.D.N.Y. 1987).

Jones alleges in the Complaint that NYUHC (i) terminated him on May 27, 2008, (ii) subjected him to a hostile work environment, and (iii) conspired to bring false sexual harassment allegations against him on account of his race. See Complaint at ¶¶ 28-31, 40-43. These are new allegations which exceed the scope of Jones's SDHR charges, which were limited to the NYUHC's failure to promote him in 2004 and 2006 and to NYUHC's alleged retaliatory discharge of him on March 26, 2007. See Marshall Decl., Exs. A, B. As a result, these new allegations, which appear in the Complaint Jones filed with this Court but not in his SDHR charges, to the extent they form the basis of his Title VII causes of action (Second and Third Causes of Action), should be dismissed because Jones failed to exhaust his administrative remedy under Title VII by making these allegations in his SDHR charges. Grant v. Morgan Guaranty Trust Co. of N.Y., 548 F. Supp. 1189, 1191-92 (S.D.N.Y. 1982)(charge alleging discriminatory discharge does not satisfy jurisdictional prerequisite for suit alleging discrimination in other aspects of employment, including training, transfer, job assignment, or compensation); accord Bennett v. N.Y. Dep't of Corr., 705 F. Supp. 979, 982 (S.D.N.Y. 1989).

## POINT IX

### PLAINTIFFS' DEFAMATION CLAIMS SHOULD BE DISMISSED

Plaintiffs allege that false statements that they sexually harassed co-workers were "published by the defendants at various times," and that defendants "published such false allegations to several other employees." See Complaint at ¶¶ 28, 31, 38. The defamation cause

of action based upon these allegations (Twelfth Cause of Action) must be dismissed because Plaintiffs have not met the pleading requirements for such a claim.

To plead a viable cause of action for defamation, the plaintiff must describe the time, place, and manner in which the defamatory statement was made, the person who made the statement, and the person to whom publication was made. See, e.g., Reilly v. NatWest Mkts. Group Inc., 181 F.3d 253, 271 (2d Cir. 1999); Ives v. Guilford Mills, Inc, 3 F.Supp.2d 191, 199 (N.D.N.Y. 1998); Weitz v. Wagner, No. CV-07-1106, 2008 WL 3835618, at *7 (E.D.N.Y. Aug. 8, 2008) ("In determining whether a defamation claim complies with the pleading requirements of Rule 8, the court should consider whether the complaint references the alleged defamatory statement; identifies the maker of that statement; and indicates when the statement was made, in what context it was made, whether it was made orally or in writing and whether it was made to a third party"); Arsenault v. Forquer, 197 A.D.2d 554, 556, 602 N.Y.S.2d 653, 655 (2d Dep't 1993); Dillon v. City of N.Y., 261 A.D.2d 34, 38, 704 N.Y.S.2d 1, 5 (1st Dep't 1999). A failure to satisfy this pleading requirement requires dismissal of the plaintiff's defamation claim. Reilly at 271 (mere conclusory statements that the claimant was disparaged by false statements are insufficient to state a claim); Regal v. Custom Clothiers, Ltd. v. Mohan's Custom Tailors, No. 96 Civ. 6320, 1997 U.S. Dist. LEXIS 9288, at *22-23 (S.D.N.Y. June 26, 1997) (dismissed plaintiff's defamation claim because it was not "sufficiently detailed to apprise defendants of what plaintiff intends to prove and to permit them to respond"; not sufficient to allege merely that "defendants" made the defamatory statement because "it is not clear who is alleged to have made the defamatory statements" and "[w]ithout this information, it will be impossible for defendants to prepare a defense"); Arsenault, 197 A.D.2d at 556, 602 N.Y.S.2d at 655 (dismissed plaintiff's libel claim because plaintiff failed to allege the specific persons to whom the letter

was published and the manner of its publication, both of which must be alleged in order for a cause of action sounding in libel to succeed).

Plaintiffs' allegations that defamatory statements were "published by the defendants at various times," and that defendants "published such false allegations to several other employees" (Complaint at ¶¶ 28, 31, 38), plainly do not satisfy their specific pleading obligations. Plaintiffs do not identify who made the allegedly defamatory statements nor do they specify the persons to whom the statements were made, except to assert that they were "employees." Moreover, Plaintiffs do not satisfy the time and place requirements by alleging that publications occurred at "various times". Finally, Plaintiffs do not allege anywhere in the Complaint the manner in which the statements were made. Therefore, to the extent Plaintiffs' defamation cause of action is predicated on statements other than the written statements describing Plaintiffs' sexually harassing conduct made by the harassment victims, Plaintiffs fail to satisfy the pleading requirements for a defamation claim. See Ives, 3 F.Supp.2d, at 199 (granting motion to dismiss slander claim which failed to identify speaker, other than by the term "defendants," and failed to allege the specific time or place of the statement or the person to whom it was made).

Plaintiffs have also failed to plead special damages, requiring dismissal of any claim for slander based on the oral republication of the harassment victims' written statements. Nunez v. A-T Fin. Info., Inc., 957 F.Supp. 438, 441 (S.D.N.Y. 1997). In order to plead special damages, a plaintiff "must set forth an itemized account of her losses; round figures or a general allegation of a dollar amount as special damages will not suffice." Id. See also Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 763 (2d Cir. 1990) (slander claim dismissed where plaintiff failed to "adequately plead ... special damages"); El Meson Espanol v. NYM Corp., 521 F.2d 737, 739 (2d Cir. 1975) (general allegations including a claim for non-itemized compensatory

and punitive damages in the amount of $250,000 does not constitute an allegation of special damages); Boyle v. Stiefel Labs., Inc., 204 A.D.2d 872, 612 N.Y.S.2d 469, 472 (3d Dep't 1994) (motion to dismiss defamation claim granted because "a round figure of $1 million is not a sufficient allegation of damages in this type of action"); Drug Research Corp. v. Curtis Publ'g Co., 7 N.Y.2d 435, 441, 199 N.Y.S.2d 33, 37-38 (1960) ("round figures, with no attempt at itemization, must be deemed to be a representation of general damages"). Plaintiffs' sole allegation that they have been damaged in an amount "as may be proved at trial," is woefully inadequate under this standard. Complaint at ¶¶ 82-83, 90. As a result, Plaintiffs' defamation cause of action (Twelfth Cause of Action) must be dismissed with prejudice.

In addition, insofar as Plaintiffs' defamation cause of action is premised on their co-workers' written statements (as opposed to any subsequent publications of those statements), the cause of action is barred under the one-year statute of limitations applicable to defamation claims. N.Y.C.P.L.R. § 215(3) (McKinney 2002). The two written statements about Jones' sexual harassment were made on March 15 and 19, 2007, see Complaint at ¶ 28, and the written statements about Leung's harassing conduct were made on or about May 21-22, 2007. Complaint at ¶ 34. The Complaint was not filed until June 2007, more than a year after any of the written statements was made. Consequently, the claim that the written statements are defamatory is time-barred[7]

Finally, the co-workers' written statements cannot form the basis for a defamation action because they were created in the course of a sexual harassment investigation and thus were

---

[7] As stated above defendants Garcia and Stropkay, who wrote the allegedly defamatory harassment complaints, have not been served in the action and NYUHC cannot be held liable on the basis of *respondeat superior* for statements made by employees complaining of sexual harassment. See Rausman v. Baugh, 248 A.D.2d 8, 10-12, 682 N.Y.S.2d 42, 44-45 (2d Dep't 1988) ("We know of no decision in which the doctrine of respondeat superior has been invoked, under State or Federal law, so as to impose that theory of liability on an employer for an employee's allegedly false accusation of sexual harassment...)."

protected by a qualified privilege, which cannot be overcome by Plaintiffs' conclusory allegations that they were "malicious" and "absolutely false" (Complaint, ¶¶ 30, 37). <u>Stockley v. AT&T Info. Sys., Inc.</u>, 687 F. Supp. 764, 769-770 (E.D.N.Y. 1988); <u>Shapiro v. Health Ins. Plan of Greater N.Y.</u>, 7 N.Y.2d 56, 64, 194 N.Y.S.2d 509, 515 (1959) (a plaintiff must plead "evidentiary facts (as distinguished from mere conclusory allegations")); <u>Trachtman v. Empire Blue Cross and Blue Shield</u>, 251 A.D.2d 322, 322-323, 673 N.Y.S. 2d 726, 727 (2d Dep't 1998) (a qualified privilege can not be overcome by a plaintiff's conclusory allegations that the statements were published with actual malice).[8]

**POINT X**

**PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiffs' intentional infliction of emotion distress cause of action (Thirteenth Cause of Action) must be dismissed on the ground that Plaintiffs cannot satisfy the pleading requirements for this type of claim because the behavior alleged, even if true, is not outrageous or intolerable.

Under New York law, in order to establish intentional infliction of emotional distress, Plaintiffs must plead and prove: (1) NYUHC engaged in extreme and outrageous conduct; (2) NYUHC acted with intent to cause severe emotional distress; (3) there was a causal connection

---

[8] Jones' defamation claim is further deficient because the arbitrator found that Jones' behavior was "inappropriate," "objectionable," "unwanted" and "sexually suggestive," see Marshall Decl., Ex. C at p. 8, 11. Additionally, the arbitrator considered the harassment victim's report an "appropriate reaction," and stated that her complaint "warranted some form of disciplinary action." Id. at 8. Moreover, the arbitrator concluded that Jones deserved a "severe disciplinary action" of suspension without pay for eight months and sexual harassment training. Id. at 12. Because of these findings, Jones cannot raise a triable issue of fact regarding the truth of the harassment allegations or whether the harassment complaint against him was made with malice sufficient to overcome the qualified privilege that attached to the complaint. See Collins v. N.Y. City Transit Auth., 305 F.3d 113, 118-119 (2d Cir. 2002)(plaintiff fired for assaulting supervisor cannot establish prima facie case of race discrimination under Title VII where arbitration board convened under collective bargaining agreement found that plaintiff punched supervisor, precluding plaintiff from proving in lawsuit that race, not assault, motivated his discharge); Hodge v. Columbia Univ., No. 05 Civ. 7622, 2008 WL 2686684, at *18 (S.D.N.Y. July 2, 2008)(arbitrator's finding in contract grievance hearing that plaintiff was not harassed by supervisor and that there was just cause for plaintiff's suspension precludes plaintiff from raising a triable issue under Title VII that the employer's legitimate reasons for discipline and suspension were a pretext for discrimination).

between the conduct and the injury; and (4) Plaintiffs suffered severe emotional distress.  Howell v. N.Y. Post Co., 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 353 (1993); Murphy v. Am. Home Prods. Corp., 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 236 (1983) (dismissing intentional infliction of emotional distress claim because complaint failed to satisfy strict pleading requirements); Fischer v. Maloney, 43 N.Y.2d 553, 557, 402 N.Y.S.2d 991, 992-993 (1978) (same) (citing the Restatement (Second) of Torts, § 46 cmt. d (1965): "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."); Dillon v. City of N.Y., 261 A.D.2d 34, 41, 704 N.Y.S.2d 1, 7-8 (1st Dep't 1999)

The Court of Appeals has emphasized that these pleading requirements are "rigorous and difficult to satisfy," Howell, 81 N.Y.2d at 122, 596 N.Y.S.2d at 353 (internal quotations omitted), and noted that it had dismissed, up to its decision in Howell, every intentional infliction of emotional distress claim it had considered, because "the alleged conduct was not sufficiently outrageous." Id. For this same reason, intentional infliction of emotional distress claims have not fared well in the employment context.

For example, in Murphy v. Am. Home Prods. Corp., 58 N.Y.2d at 298, 303, 461 N.Y.S.2d at 233-234, 236, the Court of Appeals found plaintiff's allegation that he had been terminated in a "humiliating" and "deliberately and viciously insulting" manner -- which included the plaintiff being discharged, ordered to leave the employer's premises immediately, and forcibly and publicly escorted from the workplace by security guards -- was insufficient to support his claim for intentional infliction of emotional distress.  Similarly, in Spence v. Md. Cas. Co., 995 F.2d 1147, 1149-1150, 1152, 1158 (2d Cir. 1993), the Second Circuit found that

the employer's criticisms of the plaintiff's performance and threats of termination -- even when coupled with "unprofessional pounding on the table" during a discussion about plaintiff's performance, a "five-minute tirade" during which the plaintiff's supervisor "ranted and cursed" at plaintiff and threatened to fire him, and the supervisor's comment that he had intended to make plaintiff ill when plaintiff reported that he was under a doctor's care for high blood pressure due to job stress -- "f[e]ll far short of the 'extreme' and 'outrageous' conduct that is actionable as an intentional infliction of emotional distress." See also Foley v. Mobil Chem. Co., 214 A.D.2d 1003, 1004, 626 N.Y.S.2d 906, 907-908 (2d Dep't 1995)(allegations that defendants sexually harassed plaintiff not sufficiently outrageous to withstand the defendants' motion to dismiss intentional infliction of emotional distress claim); Jaffe v. Nat'l League for Nursing, 222 A.D.2d 233, 233, 635 N.Y.S.2d 9, 9 (1st Dep't 1995)(harassment and intimidation which resulted in forced resignation insufficient to state claim for intentional infliction of emotional distress).

In this case, Plaintiffs fail to allege facts that could reasonably support a finding that the NYUHC's actions were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Murphy, 58 N.Y.2d at 303, 461 N.Y.S.2d at 236. Accordingly, this cause of action must be dismissed with prejudice.

## POINT XI

### JONES' CLAIM FOR CONSTRUCTIVE DISCHARGE SHOULD BE DISMISSED BECAUSE HE VOLUNTARILY RESIGNED HIS EMPLOYMENT AND DOES NOT ALLEGE ANY FACTS SHOWING THAT A REASONABLE PERSON IN HIS POSITION WOULD HAVE FELT COMPELLED TO RESIGN

**A.**    **Applicable Legal Standards For A Constructive Discharge Claim**

To establish a constructive discharge claim, a plaintiff must show that the employer "deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." Pena v. Brattleboro Retreat, 702 F.2d 322, 325 (2d Cir. 1983) (citation omitted); see also Chertkova v. Conn. Gen. Life Ins. Co., 92 F.3d 81, 89 (2d Cir. 1996). "Not only is it necessary to show intolerable working conditions, but the plaintiff must allege facts sufficient to prove that these conditions were intentionally created by the employer for the purpose of inducing the employee's resignation or retirement." Wilson v. Consol. Edison of N.Y., Inc., No. 96 Civ. 7546, 2000 U.S. Dist. LEXIS 3895, at *12 (S.D.N.Y. Mar. 28, 2000) (citation omitted). It is not enough simply to plead or prove that "an employee disagreed with the employer's criticisms of the quality of his work, or did not receive a raise, or preferred not to continue working for that employer. Nor is the test merely whether the employee's working conditions were difficult or unpleasant." Spence, 995 F.2d at 1156. Moreover, when an employee who had previously filed a union grievance against her employer that successfully resolved earlier allegations of unfair treatment thereafter resigns due to subsequent acts of alleged mistreatment without filing a new grievance, she cannot raise a triable issue of constructive discharge because "a factfinder would have to conclude that a reasonable person in [the plaintiff's] position would have seen filing a grievance as a viable alternative to resigning." Katz v. Beth Israel Medical Center, No. 95 Civ. 7183, 2001 WL 11604, *13-14 (S.D.N.Y. Jan. 4, 2001).

21

**B.**    **Jones Cannot Establish That He Was Constructively Discharged**

Jones alleges that his union filed a grievance on his behalf protesting his March 2007 discharge for sexual harassment, which was reviewed by an arbitrator who ordered his reinstatement in November 2007 (Complaint, ¶ 29).    The Complaint does not allege any mistreatment of Jones after his reinstatement.    Instead, the Complaint simply alleges that Jones was "constructively terminated" by NYUHC in May 2008 (Id. at ¶ 41).    These allegations are insufficient to maintain a claim for discrimination or retaliation based on a constructive discharge theory because there is simply nothing in the Complaint that pleads that Jones' working conditions after he was reinstated were intolerable or that NYUHC intentionally created intolerable conditions with a purpose to force Jones to resign.    Accordingly, each and every cause of action asserted on Jones' behalf in this case must be dismissed to the extent that the cause of action is based on Jones' purported "termination" in 2008.

This fatal defect in the Complaint cannot be cured by reliance on allegations in the Complaint of excessive scrutiny and surveillance, warnings, false accusations of harassment, and difficult work assignments pre-dating Jones' 2007 discharge.    First, these allegations as currently stated in the Complaint, even if true (as must be assumed for the purposes of this motion (solely)), do not as a matter of law rise to the level of intolerability necessary to show a constructive discharge.    Chertkova, 92 F.3d at 89.    Second, it is clear from the face of the Complaint itself that this treatment did not prompt Jones to resign because the conduct is alleged to have occurred prior to his reinstatement in November 2007 and Jones not only accepted reinstatement to work knowing of these conditions, he worked for six months after reinstatement – until May 2008 – plainly showing that his working conditions were not intolerable.    Spence, 995 F.2d at 1157 (alleged "constant criticisms" from spring 1987 to April 1988 were not "so intolerable as to cause a reasonable person in Spence's shoes to…resign" because "[p]lainly

Spence did not feel so compelled"). Finally, Jones resigned in May 2008 without filing a new grievance to protest whatever post-reinstatement conditions he may now claim he believed were unfair. Having obtained reinstatement in his earlier grievance proceeding, Jones cannot plead any set of circumstances under which a reasonable person in his situation would have resigned his job rather than file a new grievance seeking to correct any alleged mistreatment. Katz, 2001 WL 11604 at *13.

Because the Complaint is entirely devoid of any allegation that would support Jones' conclusionary assertion that he was constructively terminated in May 2008, and because Jones cannot cure this defect on account of his failure to use the grievance procedure before he resigned, all of Jones' causes of action must be dismissed with prejudice insofar as they are predicated on his alleged discharge in 2008.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Court should dismiss the Complaint against NYU in its entirety and, as to the claims against NYUHC, the Court should enter an order dismissing each and every cause of action in the Complaint, except for (i) Jones' causes of action under Title VII, NYSHRL, NYCHRL, and Section 1981 alleging that the denial of his promotion in 2006 was racially discriminatory and (ii) Leung's causes of action under Title VII, NYSHRL, NYCHRL, and Section 1981 alleging that his discharge in 2007 was due to his race.

Respectfully submitted,

EDWARDS ANGELL PALMER & DODGE LLP

By: _____
David K. Marshall
Robert J. Brener
Attorneys for Defendants New York University and
New York University Medical Center

23

750 Lexington Avenue
New York, NY 10022-1200
Phone (212) 308-4411

Dated: September 5, 2008

EDWARDS ANGELL PALMER & DODGE LLP
David R. Marshall
Robert J. Brener
Attorneys for New York University and
New York University Hospitals Center
750 Lexington Avenue
New York, New York 10022.6030
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESMOND LEUNG and WILTON JONES,

     Plaintiffs,

    -against-

NEW YORK UNIVERSITY, NEW YORK UNIVERSITY
MEDICAL CENTER, RICHARD COHEN, DANIEL
BENSIMON, JESSICA GARCIA, CAROL STRAPKAY,
GINELLE ANDREWS, SABRINA STINES, and JEAN
GOLDBERG,

     Defendants.

08 CV 5150 (GBD)

**AFFIDAVIT
OF SERVICE**

Julia Rabinovich, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 5th day of September, 2008, she caused a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT NEW YORK UNIVERSITY'S AND NEW YORK UNIVERSITY MEDICAL CENTER'S MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT with exhibits annexed thereto to be served upon:

**Ugo Uzoh, P.C.
Attorneys for Plaintiff
255 Livingston Street, 4th Floor
Brooklyn, NY 11217**

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York.

           Julia Rabinovich

Sworn to before me this
5th day of September 2008

   Notary Public

**JEAN W. McLOUGHLIN
Notary Public, State of New York
No. 01MC6184463
Qualified in Queens County
Commission Expires April 7, 20 /2**