**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DESMOND LEUNG, WILTON JONES,                          :

             Plaintiffs,                           :

       -against-                                          :

NEW   YORK   UNIVERSITY,   NEW   YORK:
UNIVERSITY    MEDICAL    CENTER,    NYU:
HOSPITALS   CENTER,   RICHARD   COHEN,:
DANIEL   BENSIMON,   JESSICA   GARCIA,:
CAROL   STRAPKAY,   GINELLE   ANDREWS,:
SABRINA STINES, AND JEAN GOLDBERG,     :

             Defendants.                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 17 2016

<u>MEMORANDUM AND ORDER</u>

08-cv-05150 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Plaintiffs Desmond Leung and Wilton Jones seek reconsideration and amendment of two

orders to reinstate causes of action which have been dismissed. Plaintiffs' motion is denied.

## I.    Procedural History

    On June 4, 2008, Plaintiffs Desmond Leung and Wilton Jones filed a complaint against

their former employer, NYU Hospitals Center ("NYUHC" or "Hospital"), New York University

Medical Center ("NYUMC"), of which the NYUHC is a part, as well as the academic institution

with which both are affiliated, New York University ("NYU"). The complaint also named several

NYUHC employees who served as Plaintiffs' managers or coworkers as defendants ("Individual

Defendants").[1] (Complaint, (ECF No. 1).) Specifically, Plaintiffs alleged (1) racial discrimination

under 42 U.S.C. § 1981; (2) discriminatory failure to promote, wrongful discharge, retaliation, and

---

[1] The Individual Defendants are: Richard Cohen, Daniel Bensimon, Jessica Garcia, Carol Strapkay, Ginelle
Andrews, Sabrina Stines, and Jean Goldberg.

creation of a hostile work environment, in violation of (a) 42 U.S.C. § 2000e *et seq.* ("Title VII"), (b) New York State Executive Law § 296 ("NYSHRL"), and (c) the Administrative Code of the City of New York, § 8-107.1(a) *et seq.* ("NYCHRL"); (3) violation of rights under 42 U.S.C. § 1985; and (4) common-law claims for tortuous interference with contract, defamation and intentional infliction of emotional distress. (Complaint, (ECF No. 1).)

By Memorandum and Order filed March 20, 2010 ("March 2010 Order"), this Court granted NYU and NYUMC's joint motion to dismiss[2] in part by dismissing all claims against NYU, the section 1981 and 1985 claims, the hostile-work-environment claims, and the common-law claims for tortuous interference, defamation, and intentional infliction of emotional distress. (Memorandum and Order ("March 2010 Order"), (ECF No. 18), at 19.) This Court also *sua sponte* dismissed all claims against the Individual Defendants. (*Id.*) This Court denied the motion to dismiss Plaintiffs' claims against NYUMC for discriminatory failure to promote, wrongful discharge, and retaliation under Title VII, the NYSHRL, and the NYCHRL. (*Id.*)

On April 13, 2010, Plaintiffs filed a motion for reconsideration. (Plaintiffs' Motion to Reconsider and Amend Order, (ECF Nos. 21-22).) This Court denied the motion on October 8, 2010. (Order ("October 2010 Order"), (ECF No. 34), at 1.) In that order, and in a subsequent order dated January 14, 2011, this Court also denied the Plaintiffs' motions for leave to amend their Complaint because Plaintiffs failed to submit a proposed amended complaint and failed to demonstrate that amendment would not be futile. (*Id.* at 3; Order ("January 2011 Order"), (ECF No. 40).)

---

[2] NYU and NYUMC's motion stated that the Individual Defendants had not been served with the Complaint, and therefore were not subject to the Court's jurisdiction. (Memorandum of Law in Support of Defendant New York University's and New York University Medical Center's Motion for Partial Dismissal of the Complaint, (ECF No. 8), at 2 n.3.)

On November 3, 2010, Plaintiffs filed an appeal with the United States Court of Appeals for the Second Circuit. (Notice of Appeal, (ECF No. 37).)  The Court of Appeals dismissed the appeal for lack of jurisdiction on February 28, 2011, on the basis that the Plaintiffs were not appealing a final decision as required under 28 U.S.C. § 1291.  *See Leung v. New York Univ.* ("*Leung I*"), No. 11-2041-cv, 495 Fed. App'x 124, 126 (2d Cir. 2012) (summary order).

In April 2011, Plaintiffs' counsel informed NYUMC's counsel that Plaintiffs intended to move to dismiss all remaining Title VII claims with prejudice and all NYSHRL and NYCHRL claims without prejudice in order to seek an immediate appeal of the Court's March 2010 Order. (Weber Decl. at ¶ 3.)  On April 19, 2011, counsel for all parties appeared before this Court to address Plaintiffs' request. (Transcript, (ECF No. 46).)  This Court granted Plaintiffs' request to dismiss the Title VII claims with prejudice and the NYSHRL and NYCHRL claims without prejudice.  In doing so, this Court stated that its "intent in dismissing the claim[s] without prejudice is not to preserve some right for [Plaintiffs] to bring the claims back [into this action] even though that may be [Plaintiffs'] strategy."  (*Id.* at 10.)  This Court also cautioned Plaintiffs that the statutes of limitations on their NYSHRL and NYCHRL claims would continue to run and might preclude them from pursuing these claims in another forum.  (*Id.*)  Judgment was entered on April 22, 2011. (Judgment ("April 2011 Judgment"), (ECF No. 44).)

The Plaintiffs then filed a second notice of appeal to challenge the March 2010 Order. (Notice of Appeal, (ECF No. 45).)  The Court of Appeals again dismissed the appeal for lack of appellate jurisdiction.  The court held:

> The defendants argue that we lack appellate jurisdiction because the plaintiffs manufactured a final decision in the District Court by voluntarily dismissing their remaining state claims without prejudice.  We agree.  Plaintiffs may not elude the final-judgment rule by voluntarily dismissing claims without prejudice.  Although this rule does not apply if the voluntary dismissal operates as a final

3

adjudication, the plaintiffs have not adequately provided such assurances, instead stating their intention to keep their voluntarily dismissed claims alive. If the plaintiffs wish to take an immediate appeal, they must dismiss their remaining claims *with prejudice.*

*Leung I*, 495 Fed. App'x at 126 (internal citations omitted).

In response to the Court of Appeals' admonition, Plaintiffs then filed a motion asking this Court to reopen the April 2011 Judgment so that they could dismiss their NYSHRL and NYCHRL claims with prejudice. (Motion to Reconsider and Amend Memorandum and Order, (ECF Nos. 49-50).) This Court denied Plaintiffs' motion on May 10, 2013. (Order ("May 2013 Order"), ECF No. 62).)

Plaintiffs then filed a third notice of appeal seeking to appeal this Court's March 2010 Order, and the most recent order denying Plaintiffs' request to reopen the April 2011 Judgment so that they could dismiss their state and city claims with prejudice.[3] (Notice of Appeal, (ECF No. 64).) The Court of Appeals determined that it now had appellate jurisdiction because "Appellants ha[d] rendered [the] March 2010 . . . order[] final for purposes of appeal by disclaiming any intent to reinstate their voluntarily dismissed claims." *See Leung v. New York Univ.* ("*Leung II*"), No. 13-2267, Dkt. No. 79 (2d Cir. Apr. 2, 2014).[4]

The Court of Appeals then issued a summary order vacating the March 2010 Order in part, and remanding for reconsideration (1) Plaintiffs' § 1981 claim against NYUMC and the Individual Defendants; and (2) Plaintiffs' hostile work environment claim against NYUMC under the NYCHRL. *Leung v. New York Univ.* ("*Leung III*"), No. 13-2267-cv, 580 Fed App'x 38, 39-40 (2d Cir. Oct. 14, 2014) (summary order). The circuit court affirmed the remainder of the March 2010

---

[3] The Plaintiffs also challenged the Court's October 2010 Order denying reconsideration of the March 2010 Order, as well as the Court's January 2011 Order denying Plaintiffs leave to file an amended complaint.

[4] The court also held that Plaintiffs' appeal of the May 2013 Order was moot given its decision to allow the third appeal to proceed. *Id.*

Order and this Court's subsequent decisions denying Plaintiffs' motions for reconsideration. (*Id.*) At that point, in light of the voluntary dismissals by Plaintiffs in order to obtain substantive review of their appeal, the § 1981 claims against NYUMC and the Individual Defendants and the NYCHRL hostile-work-environment claims against NYUMC were the only claims remaining in this action.

## II.   Motion for Reconsideration and Amendment is Denied

Plaintiffs now seek reinstatement of their NYSHRL and NYCHRL claims for racial discrimination and retaliation against NYUMC and the Individual Defendants under Federal Rule of Civil Procedure 60(b)(6). (Motion to Reconsider and Amend Orders dated April 19, 2011 and March 29, 2010, (ECF Nos. 81-82).)  In relevant part, the Rule provides: "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: (6) any other reason that justifies relief."

Generally, Rule 60(b)(6) may be invoked only in "extraordinary circumstances justifying relief" or "when the judgment may work an extreme and undue hardship." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).  A party's failure to appreciate the legal significance of a judgment does not constitute "extraordinary circumstances." *See PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897-98 (2d Cir. 1983) (finding that a plaintiff's failure to recognize that dismissal was with prejudice does not constitute extraordinary circumstances under Rule 60(b)(6) to justify amending the judgment to dismiss without prejudice).  Nor does "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action" constitute extraordinary circumstances. *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (citing cases); *id.* at 60 ("[A]n argument based on hindsight is not a ground upon which a court may grant Rule 60(b) relief.").

Plaintiffs initially voluntarily dismissed with prejudice their Title VII claims and dismissed without prejudice their NYSHRL and NYCHRL claims against NYUMC with the intent to immediately appeal the dismissal of their other claims in the March 2010 Order. The Second Circuit refused to invoke its jurisdiction to hear the appeal, stating that Plaintiffs had to "dismiss their remaining claims *with prejudice*" if they wished to take an immediate appeal. *Leung I*, 495 Fed. App'x at 126. Although this Court denied the Plaintiffs' motion to reopen the April 2011 Judgment so that they could move to dismiss these claims with prejudice, the Court of Appeals found that by making this motion, Plaintiffs had "disclaim[ed] any intent to reinstate their voluntarily dismissed claims." *Leung II*, No. 13-2267, Dkt. No. 79.

It is clear the Second Circuit relied on Plaintiffs' disclaimer when it invoked its jurisdiction to consider Plaintiffs' appeal. In effect, it treated Plaintiffs' motion to reopen this Court's April 2011 Judgment so that Plaintiffs could dismiss their NYSHRL and NYCHRL claims with prejudice as effectively doing just that. Plaintiffs cannot now renege on this disclaimer after having received the benefits of having made it. Plaintiffs rightly do not seek reinstatement of the Title VII claims which they voluntarily dismissed with prejudice. Their NYSHRL and NYCHRL are in a substantially similar procedural posture based on their previous representations to this Court and the Court of Appeals. Reinstatement of these claims is likewise improper, and relief from the April 2011 Judgment dismissing them is not justified.

Furthermore, this Court put Plaintiffs on notice that their voluntary dismissal to obtain an interlocutory appeal would not preserve their right to pursue these claims in federal court. It also cautioned Plaintiffs that the statute of limitations would continue to run, and might preclude them from pursuing these claims in another forum.

Plaintiffs' present inability to further pursue their NYSHRL and NYCHRL claims is a result of their own strategic decision to forgo these claims in exchange for the right to pursue an immediate appeal of the dismissal of their other claims.  Under these circumstances, holding Plaintiffs accountable for their representation that they had forfeited these claims in federal court hardly qualifies as an "extraordinary circumstance" sufficient to warrant Rule 60(b) relief.  *See Nemaizer*, 793 F.2d at 62; *PRC Harris*, 700 F.2d at 897-98; *cf. Harris*, 367 F.3d at 81.  Nor does failing to vacate the judgment granting Plaintiffs' dismissal of these claims "work an extreme and undue hardship."  *Marrero Pichardo*, 374 F.3d at 55.

Therefore, Plaintiffs' motion to reconsider and amend the April 2011 Judgment and March 2010 Order so as to reinstate Plaintiffs' claims under NYSHRL and NYCHRL for racial discrimination and retaliation against NYUMC and the Individual Defendants is DENIED.

The Clerk of Court is directed to close the motion docketed at ECF No. 81.

Dated: March 17, 2016
       New York, New York

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

7